IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PENNY RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-0127-CV-W-ODS |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION and JOHN WOOD, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiff received funds from four student loans, all of which went into default. Plaintiff reached a settlement in March 1994 that was allegedly documented in a letter issued in April 1994. Plaintiff contends the settlement covered all four loans; Defendants contend the settlement covered only three loans, as the fourth loan had not been assigned to the Department of Education until October 1994.

In an effort to collect money believed to be owed on the fourth loan, the Department of Education requested the Secretary of the Treasury apply Plaintiff's 2005 income tax refund to partially offset the debt. The Complaint is not clear as to whether offsets have been ordered in subsequent years; Plaintiff implies they have, but only requests return of her 2005 refund. More recently, the Department of Education initiated an administrative wage garnishment action. Plaintiff filed an administrative appeal but a decision has not been rendered. In February 2008, Plaintiff initiated this lawsuit, seeking a return of her 2005 income tax refund and an injunction barring Defendants from trying to use future refunds as an offset, initiating or following through with the garnishment action, or any other action designed to collect repayment on the fourth loan. Defendants seek dismissal, and their motion (Doc. # 7) is granted in part and denied in part.

First, Defendant John Wood, the United States Attorney for this district, must be dismissed for a rather elementary reason: Plaintiff has not alleged that Wood, in either his personal or official capacity, participated in any of the actions described in her Complaint. The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (internal quotation marks and citations omitted). Even liberally construed (in light of Plaintiff's *pro se* status), the Complaint does not mention Wood or his office, and there is no basis for concluding Plaintiff has any such claims.

Second, Plaintiff's claims about the pending wage garnishment must be dismissed without prejudice. Plaintiff's administrative appeal provides her with an opportunity to challenge the debt, 34 C.F.R. § 34.6(c), and the final decision will be a final agency determination sufficient to allow Plaintiff to seek judicial review under the Administrative Procedures Act. 34 C.F.R. § 34.17(b). The Court lacks jurisdiction over these matters until after the administrative process has concluded.

Third, Plaintiff's request for return of her 2005 income tax refund and her request for injunctive relief must be dismissed. The Department of Education is an agency of the United States, and the United States enjoys sovereign immunity. In fact, Congress has provided that the Department of Education, through the Secretary of Education, may be sued in court "but no attachment, injunction, garnishment, or other similar process . . . shall be issued against the Secretary or property under the Secretary's control . . . ." 20 U.S.C. § 1082(a)(2). The statute explicitly bars monetary judgments, and the Eighth Circuit has explicitly held this provision bars injunctions against future offsets. Thomas v. Bennett, 856 F.2d 1165, 1168 (8th Cir. 1988). However, Thomas

also held "[i]t was proper, notwithstanding this statute, for the district court to consider the propriety of allowing [declaratory relief]." Id. The Court of Appeals then affirmed the District Court's determination that the debt was valid and enforceable.

This leads to the only issue that survives Defendants' motion: the validity of the debt. While Plaintiff has not explicitly asked for declaratory relief, her filings clearly focus on the debt's validity. Keeping in mind Plaintiff is proceeding pro se, the Court concludes her Complaint may be liberally construed as asking for a judicial determination as to the validity of the debt.[1]

For these reasons, the Motion to Dismiss is granted in part and denied in part.

IT IS SO ORDERED.

                                             /s/ Ortrie D. Smith
                                             ORTRIE D. SMITH, JUDGE
DATE: July 22, 2008                 UNITED STATES DISTRICT COURT

---

[1] As stated, the debt's validity can be contested in the garnishment action. The Court presumes it can be contested at some point in any future tax offset proceeding. Even so, Thomas indicates the Court has jurisdiction to consider the debt's validity and issue appropriate declaratory relief.